D/F
CM

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HITECH SECURITY CORP.,

Plaintiff,

-v.-

UNITED STATES DEPT. OF HOUSING AND URBAN DEVELOPMENT, ARCO MANAGEMENT CORP. and JOSEPH DRISCOLL,

Defendants.

**MEMORANDUM OF DECISION AND ORDER**
03-CV-3953 (DRH)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ AUG 12 2004 ★
LONG ISLAND OFFICE
8/12/04

**Appearances:**

**For Plaintiff:**
**Kirschenbaum & Kirschenbaum, P.C.**
200 Garden City Plaza.
Garden City, N.Y. 11530
By: Michael A. Ackerman

**For Defendant/ U.S. Department of Housing and Urban Development**
**United States Attorney's Office**
610 Federal Plaza
Central Islip, N.Y. 11722
By: Paul Kaufman

**For Defendants/ ARCO Management Corp. and Joseph J. Driscoll**
**Amsterdam & Lewinter, L.L.P.**
9 East 40th Street
New York, N.Y. 10016
By: James J. Becker

**HURLEY, District Judge:**

In this action, Plaintiff HiTech Security ("Plaintiff") seeks damages for an alleged breach of contract by Defendants United States Department of Housing and Urban Development ("HUD"), ARCO Management Corporation ("ARCO") and Joseph J. Driscoll ("Driscoll").



40

Presently before the Court are three motions: (1) Defendant HUD's motion to dismiss Plaintiff's complaint, or alternatively, to transfer the case to the Federal Court of Claims; (2) Defendant ARCO and Driscoll's motion to dismiss; and (3) Plaintiff's motion to amend the complaint.

On June 12, 2003, Plaintiff filed a complaint in Supreme Court, Nassau County, alleging that it entered into a contract with Defendants to service and monitor fifty alarm systems for a period of five years, and that Defendants breached that contract, which resulted in monetary loss totaling approximately $107,065 plus interest. (*See* Compl.) Defendant HUD removed the action to this Court on August 11, 2003. On August 21, 2003, Plaintiff filed an amended complaint which added Driscoll to the action.

Defendant HUD moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, to transfer the case to the Federal Court of Claims. Plaintiff consents to this transfer. Defendants ARCO and Driscoll move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that they were not parties to the contract in question.

Federal Rule of Civil Procedure 12(b)(1) provides for a court to dismiss a complaint when it lacks subject matter jurisdiction. The Court should initially consider Defendant's Rule 12(b)(1) challenge because "all other objections and defenses would become moot and need not be addressed if we first dismiss the action for lack of subject matter jurisdiction." *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1992) (citing 5 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1350, p. 548 (1969)).

Under the Tucker Act, codified at 28 U.S.C. § 1346, a district court

> shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . .
>
> **(2)** Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States . . . .

28 U.S.C.A. § 1346(a)(2) (emphasis added). However, the Court of Federal Claims has exclusive jurisdiction over contract claims against the United States where the amount in controversy exceeds $10,000. *See Eastern Enterprises v. Apfel*, 524 U.S. 498, 520 (1998) ("[T]he Court of Federal Claims has exclusive jurisdiction to render judgment upon any claim against the United States for money damages exceeding $10,000. . . .").

Since Plaintiff's claims against Defendants are for breach of contract in an amount more than $100,000, the Court does not have jurisdiction to review his claim. *See Up State Fed. Credit Union,* 198 F.3d 372, 377 (2d Cir. 1999) (affirming dismissal for lack of subject matter jurisdiction where Court of Federal Claims had exclusive jurisdiction); *Rose v. Associated Universities, Inc.*, No. 00 CV 0460, 2000 WL 1457115, at *2 (S.D.N.Y. 2000) (dismissing claims which were "within the exclusive jurisdiction of the Court of Federal Claims").

Pursuant to 28 U.S.C. § 1631, "if it is in the interest of justice," the Court must transfer Plaintiff's case to the Court of Federal claims. 28 U.S.C. § 1631. If the Court were to dismiss Plaintiff's action outright, Plaintiff would have to expend additional time and expense to commence the action in the transferee court. No persuasive considerations weighing against transfer have been proffered. Thus, the Court finds that it is in the interests of justice to transfer Plaintiff's case to the Court of Federal Claims. *See Johnson v. U.S.*, No. 98 CV 3140, 1999 WL 493341, at *3 (S.D.N.Y. 1999) ("[R]ather than dismiss this claim outright, the Court finds,

pursuant to 28 U.S.C. § 1631, that it is in the interest of justice to transfer plaintiff's contract claim to the United States Court of Federal Claims.").

Although not addressed by the parties, it would appear that the Court is devoid of authority to decide Defendant ARCO and Driscoll's motion given that it is without subject matter jurisdiction. But even if the situation were otherwise, the Court would deny their motion.

Defendants ARCO and Driscoll argue that the Court should dismiss Plaintiff's complaint because they were not the managing agents for HUD and thus not parties to the contract in question. In support of their argument, Defendants ARCO and Driscoll rely on an affidavit from ARCO's Vice President, Scott Langan. However, since Defendants ARCO and Driscoll have brought their motion pursuant to Rule 12(b)(6), the Court may not consider this affidavit, as it is not attached to or incorporated into the complaint. *See Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that in a Rule 12(b)(6) motion, the court's "review is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits"). Additionally, Defendant HUD points out that ARCO "seeks to have this Court make factual determinations that could be prejudicial to HUD if this case were litigated in the Court of Federal Claims." (Def. HUD's Mem. in Opp'n to ARCO and Driscoll's Mot. to Dismiss at 1.) Thus, the Court declines to make factual determinations about Defendant ARCO and Driscoll's relationship to Defendant HUD and Plaintiff which are not appropriate in the context of a Rule 12(b)(6) motion. Accordingly, Defendants ARCO and Driscoll's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Defendant HUD's motion to transfer the case to the Court of Federal Claims is GRANTED. Defendants ARCO and Driscoll's motion to dismiss the complaint is DENIED. Plaintiff's motion to amend the complaint is DENIED as moot. The Clerk of the Court is directed to transfer the case to the Court of Federal Claims and close this case.

**SO ORDERED**

Dated: Central Islip, N.Y.
August 12, 2004

Denis R. Hurley,
United States District Judge

A TRUE COPY
ATTEST
DATED 8/12/ 20 04
ROBERT C. HEINEMANN
CLERK
BY
DEPUTY CLERK