No. 04-1610C
(Judge Damich)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HITECH SECURITY CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK E. MELNICK
Assistant Director

TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

February 11, 2005

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . 2

I. Issues Presented . . . . . . . . . . . . . . . . . . . . 2

II. Statement of Facts . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. The Jurisdiction Of The United States Court Of Federal Claims Is Limited . . . . . . . . . . . . . . . 3

II. No Privity Exists Between Hi-Tech And The United States . . . . . . . . . . . . . . . . . . . . . . 5

III. Even Assuming There Is Privity Between HiTech And The United States, HiTech Does Not Allege It Submitted A Claim Or That There Was A Final Decision . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES

Aetna Casualty & Surety Co. v. United States,
655 F.2d 1047 (1981) . . . . . . . . . . . . . . . . . . . . 4

Cedars-Sinai Medical Ctr. v. Watkins,
11 F.3d 1573 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . 1

Christos v. United States,
48 Fed. Cl. 469 (2000) . . . . . . . . . . . . . . . . . . 9

Deltec Corp. v. United States,
164 Ct. C 326 F.2d 1004 (1964) . . . . . . . . . . . . . . 8

Deponte Investments, Inc. v. United States,
54 Fed. Cl. 112 (2002) . . . . . . . . . . . . . . . . . . 12

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 (1984) . . . . . . . . . . . . . . . . . . . 3

Eastport Steamship Corp. v. United States,
178 Ct. C 372 F.2d 1002 (1967) . . . . . . . . . . . . . . 4

Erickson Air Crane Co. v. United States,
731 F.2d 810 (Fed. Cir. 1984) . . . . . . . . . . . . . . . 6

Fidelity Constr. Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . . . . . 4

Kern-Limerick, Inc. v. Scurlock,
347 U.S. 110 (1954) . . . . . . . . . . . . . . . . . . . 7, 8

Made in the USA Found. v. United States,
51 Fed. Cl. 252 (2001) . . . . . . . . . . . . . . . . . . 11

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . 5,9,10

Merritt v. United States,
267 U.S. 338 (1925) . . . . . . . . . . . . . . . . . . . 5, 6

National Leased Housing Ass'n v. United States,
32 Fed. Cl. 454 (1994) . . . . . . . . . . . . . . . . . 7, 10

National Leased Housing Assoc. v. United States,
105 F.3d 1423 (Fed. Cir. 1997) . . . . . . . . . . . . . passim

Rex Sys., Inc. v. Cohen,
224 F.3d 1367 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . 11

Reynolds v. Army & Air Force Exch. Svc.,
847 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . 5

U.S. West Communications Services, Inc. v. United States,
940 F.2d 622 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . 9

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . 5

United States v. Johnson Controls, Inc.,
713 F.2d 1541 (Fed. Cir. 1983) . . . . . . . . . . . . . passim

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . 4

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . 4

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . 4, 5

W.M. Schlosser Co., Inc. v. United States,
705 F.2d 1336 (Fed. Cir. 1983) . . . . . . . . . . . . . . . 11

Western Union Telegraph Co. v. United States,
66 Ct. Cl. 38 (1928) . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**

United States Codes

12 U.S.C. § 1701z-11(d)(1)(A) . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 1346(a)(2) . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . 4, 5, 11

41 U.S.C. § 605(a) . . . . . . . . . . . . . . . . . . . . . . 11

41 U.S.C. § 609(a)(3) ("CDA") . . . . . . . . . . . . . . . . 1, 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HITECH SECURITY CORP. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1610C |
| THE UNITED STATES, | ) | (Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Pursuant to RCFC 12(b)(1), the defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of jurisdiction. In summary, there is no privity of contract between the United States and the subcontractor plaintiff, HiTech Security Corporation ("HiTech") and even assuming there was privity, HiTech did not submit a claim to the contracting officer, as required by the Contracts Disputes Act, 41 U.S.C. § 609(a)(3) ("CDA"). Accordingly, the complaint in this case should be dismissed for lack of jurisdiction because there is no privity of contract between HiTech and the United States and because, even assuming privity exists, HiTech did not submit a claim to the contracting officer. In support of our motion, we rely upon plaintiff’s complaint ("Compl."), the attached brief, and exhibits.[1]

---

[1] In determining whether the Court possesses jurisdiction, the Court may consider evidence outside of the pleadings. Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573,

STATEMENT OF THE CASE

I. Issues Presented

(1) Whether this Court possesses jurisdiction to consider a contract claim where there is no privity of contract between the plaintiff and the United States.

(2) Whether this Court possesses jurisdiction to consider a contract claim that was not presented to the contracting officer for a final decision.

II. Statement of Facts

The Department of Housing and Urban Development ("HUD") entered into a contract with Arco Management Corporation ("Arco") to manage property known as the Beekman Apartments until disposition of the property on July 3, 1997. On February 12, 2003, HUD sold the Beekman apartments.

As part of its management services, key personnel of Arco were authorized to enter into subcontracts under certain conditions, including the requirement of competitive bidding.

At issue in this lawsuit are two contracts for fire support services. Pl. Ex. A & B. These contracts were signed by a representative of HiTech and Joseph Driscoll, an Arco employee. These contracts did not go through competitive bidding. They did not contain certain standard government contract clauses, such as the "termination for convenience" clause. The contracts were not

---

1584 (Fed. Cir. 1993).

signed by anyone identified as having authority to bind the Government.

When HUD sold the Beekman Apartments in 2003, the contract between HUD and Arco was terminated for convenience and Arco ceased provision of management services for the Beekman Apartments. Thus, HiTech was no longer paid. HiTech initiated a lawsuit against both HUD, Arco, and Joseph Driscoll, an Arco employee, in New York state court, which was removed to the U.S. District Court for the Eastern District of New York.[2] Because the district court did not possess jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), to entertain a claim for more than $10,000, the district court transferred this case to the Court of Federal Claims. Memorandum of Decision & Order, 03-cv-3953 (Aug. 12, 2004). HiTech seeks $107,065 plus interest and costs for "failing to make the payment due" on the two contracts. Compl. ¶ 8; ¶ 11.

## ARGUMENT

### I. The Jurisdiction Of The United States Court Of Federal Claims Is Limited

Like its predecessor, the United States Court of Claims, this is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984), aff'd, 758 F.2d 665 (Fed. Cir. 1984) (unpublished). Absent congressional consent to

[2] HiTech Security Corp. v. United States Dept. of Housing & Urban Development, Arco Management Corp. and Joseph Driscoll, 03-CV-3953 (J. Hurley).

entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Congressional consent to suit in this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir. 1983). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Testan, 424 U.S. at 399.

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 655 F.2d 1047, 1051 (1981). Pursuant to this statute, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a).

This statute does not create any substantive right of recovery against the United States for money damages. Testan, 424 U.S. at 398; Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, the statute merely confers jurisdiction upon the Court whenever the

substantive right exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc).

To demonstrate this Court's jurisdiction to entertain a contract claim, the plaintiff must demonstrate privity of contract between itself and the United States. Merritt v. United States, 267 U.S. 338, 340-41 (1925) (no jurisdiction pursuant to the Tucker Act because there was no privity between the subcontractor and the United States); National Leased Housing Assoc. v. United States, 105 F.3d 1423, 1435-47 (Fed. Cir. 1997) ("National Leased Housing II") (privity of contract is required to establish jurisdiction); United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550 (Fed. Cir. 1983) ("the no-privity rule is synonymous with a finding that there is no express or implied contract between the government and a subcontractor").

## II. No Privity Exists Between Hi-Tech And The United States

Hi-Tech has the burden of establishing that the Court of Federal Claims possesses jurisdiction pursuant to the Tucker Act to entertain the complaint. Reynolds v. Army & Air Force Exch. Svc., 847 F.2d 746, 748 (Fed. Cir. 1988); see McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (statute establishing district court jurisdiction) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions

have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor.")

To meet its burden of proof in this case, HiTech must demonstrate that there is privity of contract between it and the United States. Merritt v. United States, 267 U.S. at 340-41; National Leased Housing II, 105 F.3d at 1435-47; Johnson Controls, 713 F.2d at 1550 ("the no-privity rule is synonymous with a finding that there is no express or implied contract between the government and a subcontractor"). HiTech has failed to meet its burden because it has not demonstrated privity of contract with the United States.

It is well established that subcontractors have no right to sue in the United States Court of Federal Claims. Erickson Air Crane Co. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984). The two contracts at issue were signed by Joseph Driscoll, an Arco employee and a representative of HiTech. See Pl. Ex. A & B. No government representative signed the contract. The prime contract was between HUD and Arco, and was signed by HUD's contracting officer and a representative of Arco. Absent an exception to the general bar to subcontractor suit, this suit must therefore be dismissed.

The Federal Circuit has recognized an exception to the rule in "rare, exceptional cases" where the subcontractor can establish privity with the United States through an agency relationship. See Johnson Controls, 713 F.2d at 1556. This is a

"narrow exception" that applies only where there is "direct, unavoidable contractual liability." National Leased Housing II, 105 F.3d at 1436. "[C]ourts have not been willing to allow suits against the government based on an agency theory unless the contract contains a reasonably clear indication that the government intended to create an agency relationship and to permit such a suit." National Leased Housing Ass'n v. United States, 32 Fed. Cl. 454, 460 (1994) ("National Leased Housing I") Such unavoidable contractual liability to HiTech is not present in this case.

In Kern-Limerick, Inc. v. Scurlock, 347 U.S. 110 (1954), the Supreme Court concluded that a purchase by the contractor was a purchase by the Government. There, the Government contract provided that "[t]he Contractor shall act as the purchasing agent of the Government in effecting such procurement and the Government shall be directly liable to the vendors for the purchase price." 347 U.S. at 112 n. 2. Similarly, the purchase order issued to vendors specifically provided that "[t]his purchase is made by the Government. The Government shall be obligated to the Vendor for the purchase price." Id. at 119. The Supreme Court concluded, "Under these circumstances, it is clear that the Government is the disclosed purchaser and that no liability of the purchasing agent to the seller arises from the transaction." Id. at 120-21.

A similar conclusion was reached in Western Union Telegraph Co. v. United States, 66 Ct. Cl. 38 (1928). In that case, the Government contractor was "'authorized to make, as agent for the United States of America, all contracts for services, labor, supplies, material, equipment and facilities necessary for use for the benefit of the plant,' and it was further provided that as construction manager it should 'make all contracts, purchases, and other arrangements for the performance of this contract in its capacity as agent for the United States and without liability on its part under any contracts or purchases so made.'" The court concluded that whether the contractor was an agent of the Government "seems almost too clear for argument or discussion." 66 Ct. Cl. at 50. See also Deltec Corp. v. United States, 164 Ct. Cl. 432, 326 F.2d 1004 (1964) (the contract provided that the prime contractor was the Government's purchasing agent and the Government was directly liable to vendors with whom there was a cost-plus-fixed-fee subcontract; the contract did not similarly provide that the contractor was the Government's agent in entering fixed-price subcontracts).

The Federal Circuit, relying upon Kern-Limerick, Western Union, and Deltec, identified three "crucial factors" to establish privity of contract based upon an agency relationship between the contractor and the Government: "the prime contractor was (1) acting as a purchasing agent for the government; (2) the agency relationship between the government and the prime

contractor was established by clear contractual consent; and (3) the contract stated that the government would be directly liable to the vendors for the purchase price." Johnson Controls, 713 F.2d at 1551. Accord National Leased Housing II, 105 F.3d at 1435-36; U.S. West Communications Services, Inc. v. United States, 940 F.2d 622, 629 (Fed. Cir. 1991); Christos v. United States, 48 Fed. Cl. 469, 478 (2000). HiTech has not alleged any of the three necessary criteria for deemed privity of contract. Even if HiTech were to allege, in response to our motion to dismiss, that HiTech can meet these three criteria, it must support such allegations with proof. McNutt, 298 U.S. at 189 ("If [the] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [the plaintiff] must support them by competent proof").

The Government contends that those criteria are not met in this case. First, Arco was not acting as a purchasing agent for HUD. The primary purpose of the HUD-Arco contract was to manage the buildings, which included providing financial and physical management of the buildings to ensure compliance with local housing regulations and maintain the building in a safe and sanitary condition. See 12 U.S.C. § 1701z-11(d)(1)(A) (authority to and purpose for contract for management of HUD-owned property).

Second, no agency relationship was expressly established in the HUD-Arco contract. Oversight or control over a project is

insufficient to establish liability. "That the Government has intimate control over a project does not establish liability for claims" by a subcontractor. National Leased Housing I, 32 Fed. Cl. at 458. Therefore, that Arco was managing the Beekman Apartments on behalf of HUD does not convert Arco into an agent, absent an express intent to establish an agency relationship.

Third, HiTech also cannot establish privity of contract based upon an agency relationship because the contracts at issue do not state that the Government will be directly liable to HiTech for the purchase price. As noted above, the contract must contain absolutely explicit language that the prime contractor is acting as an agent and that the Government will be directly liable to the subcontractor. Indeed, the first contract does not list HUD or any other Government agency as a party. Pl. Ex. A. There is nothing in the language of either of these two contracts that establishes the Government will be directly liable to HiTech for the price of the services purchased. Accordingly, HiTech cannot establish privity of contract based upon an agency relationship between the Government and Arco. The complaint, therefore, should be dismissed because HiTech lacks privity with the United States.

## III. Even Assuming There Is Privity Between HiTech And The United States, HiTech Does Not Allege It Submitted A Claim Or That There Was A Final Decision

The Contracts Disputes Act provides the substantive basis for a money damage claim arising from an express contract with

the United States. Pursuant to the Tucker Act, the Court has authority to render judgment upon "any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contracts Disputes Act of 1978 ... and other non-monetary disputes on which a decision of the contracting officer has been issued under section 6 of this Act." 28 U.S.C. § 1491(a)(2).

The Court's jurisdiction under the CDA is predicated on the contractor's fulfillment of two fundamental requirements: the submission of a written claim to the contracting officer, 41 U.S.C. § 605(a), and the agency's issuance of a final decision, 41 U.S.C. § 609(a)(3). See Rex Sys., Inc. v. Cohen, 224 F.3d 1367, 1372 (Fed. Cir. 2000); Made in the USA Found. v. United States, 51 Fed. Cl. 252, 254 (2001)(same). Compliance with section 605(a) is a jurisdictional prerequisite to the filing of a complaint in this Court. W.M. Schlosser Co., Inc. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983).

HiTech makes no jurisdictional argument whatsoever in its complaint. However, based on its allegation of a contract, the Government assumes that HiTech bases its jurisdiction for its case on the CDA. HiTech does not allege it filed a claim with the contracting officer once payments ceased. HiTech does not attach a final decision to the complaint or allege that a claim was deemed denied by a contracting officer's failure to issue a final decision.

In Deponte Investments, Inc. v. United States, 54 Fed. Cl. 112 (2002), this Court granted a motion to dismiss the claims for money damages. In Deponte, the complaint alleged that the termination for default was "unlawful" and sought "damages." Id. at 114. Like HiTech in the present case, Deponte did not allege that it filed a claim for money damages with the contracting officer. Id. at 115. Accordingly, the Court granted the Government's motion to dismiss those portions of the complaint that sought money damages. Id. Because HiTech does not allege it ever made a claim to the contracting officer, as required by the CDA, this complaint should be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons set forth above, we respectfully request that the complaint be dismissed for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Mark E. Melnick
MARK E. MELNICK
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W

OF COUNSEL:
Christopher Trovato
Office of Assistant
Regional Counsel
Department of Housing &
Urban Development
26 Federal Plaza
New York, NY 10278

Washington, D.C. 20530
Tele: 202-307-1011
Fax: 202-514-8624
Attorneys for Defendant

February 11, 2005

CERTIFICATE OF FILING

I hereby certify that on this 11th day of February, 2005 a copy of the foregoing "MOTION TO DISMISS THE COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Tara K. Hogan