No. 04-1610C
(Judge Damich)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HITECH SECURITY CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant.

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

KENNETH KIRSCHENBAUM
Kirschenbaum & Kirschenbaum, P.C.
Attorneys for Plaintiff
200 Garden City Plaza
Garden City, NY 11530
Telephone:516-747-6700
Fax:516-747-6781

March 9, 2005

# TABLE OF CONTENTS

TABLE OF CONTENTS....................i

TABLE OF AUTHORITIES....................ii

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT....................1

STATEMENT OF THE CASE....................2

I. Issues Presented....................2
II. Statement of Facts....................2

ARGUMENT....................3

I. Privity Exists Between Plaintiff And Defendant....................3

II. Plaintiff Submitted a Claim and HUD Did Not Respond....................5

III. If The Court Rules In Favor Of Defendant, The Case Should Be Transferred To New York State Court....................6

CONCLUSION....................6

# TABLE OF AUTHORITIES

## CASES

Appeal of Spodek ,
(1998 PSCBA) 99-1 BCA P 30174..........................................................................................5

## STATUTES

41 U.S.C. § 609 (a) (3) ..........................................................................................................5

41 U.S.C. §601(3).....................................................................................................................5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HITECH SECURITY CORPORATION, NO. 04-1610 C

Plaintiff,

-against-

UNITED STATES OF AMERICA, Assigned to: Judge Edward J. Damich

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff HiTech Security Corporation (HiTech) respectfully requests that the Court deny defendant's (HUD's) motion to dismiss this action. Defendant asserts that the complaint should be dismissed for lack of jurisdiction because there is no privity of contract between the defendant and the plaintiff and because plaintiff did not submit a claim as required by the Contracts Disputes Act, 41 U.S.C. § 609 (a) (3) ("CDA"). Defendant's motion should be denied because there may in fact be privity of contract between the plaintiff and defendant and because plaintiff did submit a claim as required by the CDA. In support of this opposition plaintiff relies on plaintiff's complaint, the attached brief, and exhibits.

## STATEMENT OF THE CASE

I. Issues Presented

(1) Whether there is privity of contract between the plaintiff and defendant.

(2) Whether plaintiff presented a contract claim to defendant, giving this Court jurisdiction to hear this case.

II. Statement of Facts

HiTech entered into two contracts to provide security services at a certain housing project in Bronx, New York, at the time known as HUD/Beekman Houses. The contracts were entered into between HiTech and HUD. Arco Management Corp. (hereinafter "Arco") and Joseph J. Driscoll executed the contracts on behalf of HUD, purportedly with authority as HUD's managing agent. The contracts were entered into on February 1, 2000 and were both for five year terms. Joseph J. Driscoll (hereinafter "Driscoll") personally guaranteed HUD's performance and obligations on one of the two subject contracts. On or about March 2003, HUD breached the contract by failing to make the payments due on that date or any date thereafter.

Upon HUD's breach, HiTech contacted Arco requesting that they perform on the contracts. HiTech was then informed that HUD had transferred ownership of the HUD/Beekman houses. When this firm contacted HUD they claimed Arco should have been aware that the HUD project was expiring as of February, 2003 and that Arco was not authorized to enter into said contracts. In spite of this alleged knowledge, Arco engaged HiTech to enter into the two subject contracts, and even negotiated with HiTech for a better monthly rate and down to a five year term rather than the ten-year term preferred by HiTech. In previous attempts by plaintiff to resolve this matter with HUD, HUD denied any obligation under the contracts and further

claimed Arco was not authorized to bind HUD to the two contracts.

This action was brought originally in New York State Supreme Court. The Complaint in that action named the U.S. Department of Housing and Urban Development (HUD) and Arco Management Corp., HUD's managing agent, as defendants. HUD did not submit a response but on or about August 11, 2003, HUD removed that action to the District Court for the Eastern District of New York. After the action was removed to District Court, and still without submitting a response, defendant moved to transfer the case to this Court, on the basis that this Court has sole jurisdiction in the claim against defendant . Plaintiff did not oppose that motion, hoping to have the merits of its claim heard finally. Defendant now moves to dismiss the case on the grounds that this court does *not* have jurisdiction to hear this case and because there is no privity of contract between defendant and the plaintiff.

## ARGUMENT

### I. Privity Exists Between Plaintiff And Defendant

Defendant has done everything to prevent plaintiff's claim from being heard. If the original action was improperly brought in New York State court, and this court was truly the proper venue, defendant could have moved then to transfer the case here. Instead, defendant chose to further obstruct plaintiff's claim by first removing the case to District Court, and later moving to transfer to this court.

Defendant, in the motion to dismiss on the basis of lack of privity of contract between plaintiff and defendant, asserts that plaintiff failed to allege the existence of three "crucial factors" necessary to establish privity of contract based upon an agency relationship between the contractor and the Government, that: "the prime contractor was (1) acting as a purchasing agent

for the government; (2) the agency relationship between the government and the prime contractor was established by clear contractual consent; and (3) the contract stated that the government would be directly liable to the vendors for the purchase price." (Defs. Mot. at 8, 9, internal citations omitted).

Addressing each of these factors, the first is obviously not relevant to this case. Here there was no contract for the purchase of anything. Rather, defendant's agent Arco, contracted with plaintiff to monitor and service security alarm systems for defendant. Therefore, it is not necessary for plaintiff to establish that Arco was acting as a purchasing agent.

Whether the second necessary factor, that the agency relationship between the government was established by clear contractual consent, exists, is unknown at this time. Because defendant has never allowed this case to reach the discovery stage, plaintiff has never seen the contracts between HUD and Arco. These contracts may well reveal, that in fact, HUD explicitly consented to Arco acting as its agent.

Existence of the third necessary factor, that the contract stated that the government would be directly liable to the vendors for the purchase price, is also unknowable until discovery is completed. The contract between HUD and Arco may provide that HUD is directly liable to any vendors with whom Arco enters into agreements with on HUD's behalf. In fact, the contracts between HiTech and HUD name "HUD" and "Dept. of HUD" as "subscribers". (Pl. Compl., Ex. A and B). Paragraph 13 of these contracts provides "In the event HiTech institutes legal action to recover any amounts owed by Subscriber to HiTech hereunder, the parties agree that the amount to be recovered and any judgment to be entered, shall include the full unexpired term of the agreement". (Id at Para. 13). Since HUD is named as the subscriber in the contracts,

and the contracts provide that the subscriber shall be directly liable to plaintiff in the event of a breach, the contracts clearly state that the government is directly liable to plaintiff.

II. Plaintiff Submitted a Claim and HUD Did Not Respond

Defendant next asserts that this court does not have jurisdiction pursuant to the Contracts Disputes Act, 41 U.S.C. § 609 (a) (3) ("CDA") because plaintiff does not allege that it submitted a claim to HUD or that HUD issued a final decision or failed to respond. Firstly, as stated earlier, this action was originally brought nearly two years ago in New York State court. The action named HUD as a defendant, and the complaint was duly served upon HUD. HUD never responded to the complaint. There is no requirement as to the form of a claim under the CDA except that it be in writing to the "contracting officer", demanding the payment of a sum certain. (Id.). The CDA defines "contracting officer" as any person with authority to enter into and administer contracts, and also includes the authorized representative of the contracting officer. 41 U.S.C. §601(3). Clearly, by serving a complaint upon HUD in the New York State court action, plaintiff made a claim in writing for a sum certain to the contracting officer or an authorized representative. HUD's failure to respond to the complaint in that action is failure to render a final decision, giving this court jurisdiction to hear this claim against the defendant. In addition, this firm sent numerous written requests for payment to HUD and its representatives, before commencing the action in this court. True copies of letters sent by this firm are annexed as Exhibit "A". A letter demanding payment, sent to a representative of a government agency or to an attorney representing an agency qualifies as a claim if the letter makes it clear that the contractor was speaking to the attorney as a means of conveying request for reimbursement to

the contracting officer. Appeal of Spodek , (1998 PSCBA) 99-1 BCA P 30174. Because plaintiff has submitted written claims to defendant and defendants attorneys for money owed, and defendant failed to respond to these demands, this court has jurisdiction, pursuant to the CDA, to hear this case.

III. If The Court Rules In Favor Of Defendant, The Case Should Be Transferred To New York State Court

Should this court decide in favor of defendant and against plaintiff, plaintiff respectfully requests that the court transfer this case to the Supreme Court of the State of New York, County of Nassau, the original venue, for plaintiff to request leave to file a supplemental summons and amended complaint, naming Arco only as defendants in this case. This will save plaintiff considerable time and expense, and is fair in light of the fact that HUD has already wasted the plaintiff's and the judicial system's resources through its actions.

## CONCLUSION

For the reasons set forth above, plaintiff respectfully requests that defendant's motion be denied, or in the alternative, that the court transfer this case to New York State Supreme Court, County of Nassau.

Respectfully submitted,

S/Kenneth Kirschenbaum
KENNETH KIRSCHENBAUM
Kirschenbaum & Kirschenbaum, P.C.
200 Garden City Plaza
Garden City, NY 11530
Telephone:516-747-6700
Fax:516-747-6781
Attorneys for Plaintiff

March 11, 2005

CERTIFICATE OF FILING

I hereby certify that on the 11th day of March, 2005 a copy of the foregoing "PLAINTIFF'S ATTORNEY'S AFFIRMATION IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Kenneth Kirschenbaum