IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HITECH SECURITY CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1610c |
| THE UNITED STATES, | ) | (Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Government respectfully renews its request that the complaint be dismissed. In support of our reply, we rely upon the following brief, our original motion, the exhibits accompanying the complaint, and the attached exhibits.

As a general rule, there must be privity of contract between the plaintiff and the Government in order for this Court to exercise jurisdiction. Privity "simply means that the alleged contract must actually be between the plaintiff and the government, and if such is not found, [the Court of Federal Claims] simply lacks jurisdiction to entertain the plaintiff's claims." Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (2002) (citation omitted). In extremely limited circumstances, privity can exist even when a person is not a party to a contract with the United States; however, HiTech has failed to demonstrate, or even allege, that it falls within the narrow exception for "deemed" privity. Further, HiTech has failed to establish it complied with the jurisdictional prerequisites of

the Contracts Disputes Act. For these reasons, we respectfully request that the Government's motion to dismiss be granted.

I. None Of The Three Elements of Deemed Privity Are Present

The "deemed privity" doctrine is a narrow exception to the general rule that there is no jurisdiction for this Court to consider claims by subcontractors against the United States. Merritt v. United States, 267 U.S. 338, 340-41 (1925) (no jurisdiction pursuant to the Tucker Act because there was no privity between the subcontractor and the United States); United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550 (Fed. Cir. 1983) ("the no-privity rule is synonymous with a finding that there is no express or implied contract between the government and a subcontractor"). In order to establish jurisdiction under the "deemed privity" exception, a plaintiff must prove that it can meet all three criteria of the common law exception:

> The prime contractor was:
>
> (1) acting as a purchasing agent for the government;
>
> (2) the agency relationship between the government and the prime contractor was established by clear contractual consent; and
>
> (3) the contract stated that the government would be directly liable to the vendors for the purchase price.

National Leased Housing Assoc. v. United States, 105 F.3d 1423, 1435-36 (Fed. Cir. 1997); accord Johnson Controls, Inc., 713 F.2d at 1551. A failure to prove any one of the three criteria

destroys a subcontractor's claim of constructive privity. National Leased Housing, 105 F.3d at 1435-36 ("Even assuming that appellants could satisfy the first two factors, they cannot meet the third.")

In its response to our motion, HiTech denies that the first prong, that the contract be a purchasing contract, is relevant to its case. Decisions of the United States Court of Appeals for the Federal Circuit are binding precedent in this Court. In this case, there is binding precedent articulating the legal criteria for establishing "deemed privity" between a subcontractor and the United States. E.g. National Leased Housing, 105 F.3d at 1435-36; Johnson Controls, Inc., 713 F.2d at 1551. Instead of addressing this settled precedent, HiTech ignores it as "irrelevant." Pl. Response at 4.[1] Because HiTech has utterly failed to establish any argument for why there is privity between it and the United States, the complaint should be dismissed.

## II. The United States Is Bound Only To A Contract Made By An Authorized United States Representative

HiTech's only argument for the direct liability of the United States is that one of the two contracts names HUD as the

---

1 The HUD-Arco contract is voluminous and covers management of several properties in addition to the Beekman apartment buildings at issue in this suit. Although the Government believes there is more than ample reason provided here for this complaint to be dismissed, the Government is willing to make a copy of the contract available to HiTech and undertake supplemental pleadings in order for HiTech to address the privity argument with the benefit of the prime contract.

subscriber, who under the terms of the HiTech contract, would be liable to HiTech in case of breach. Response at 4-5. HiTech argues that HUD is therefore in privity of contract with HiTech. Although HUD is named as a party to the contract, Compl. Ex. B, one essential element of a contract with the Government is that the Government representative who purportedly binds the Government must have authority to do so. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 384 (1947) (crop insurance contract unenforceable; Government agent lacked authority to bind United States to terms which violated a regulation); D & N Bank v. United States, 331 F.3d 1374, 1378 (Fed. Cir. 2003); Trauma Service Group v. United States, 104 F.3d 1321, 1325, 1327 (Fed. Cir. 1997) (no authority delegated from agency head); City of El Centro v. United States, 922 F.2d 816, 820-21 (Fed. Cir. 1990) (finding no authority for border agent to enter into contract with hospital to pay for medical treatment of illegal aliens).

Government employees hold express authority when that authority is given in unambiguous terms to them by the "Constitution, statute or regulation." Leonardo v. United States, 63 Fed. Cl. 552, 557 (2005) (citation omitted). Joseph Driscoll, the Arco employee who signed the two contracts at issue, Resp. at 2, was not authorized to bind the Government. Apparent authority to bind the Government is insufficient; the issue is whether the purported agent "had been granted the

authority to affirmatively obligate the Government." City of El Centro 922 F.2d at 820. "Anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." Id. (citing Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 384 (1947)).

Mr. Driscoll was not an employee authorized to enter into contracts on behalf of Arco, let alone on behalf of the Government. Exhibit 1. Under the prime contract, certain designated Arco employees were authorized to enter into subcontracts, under specific guidelines. Mr. Driscoll was not on that list. There is no contract between HUD and HiTech because Mr. Driscoll had no authority to enter into the contract on behalf of the United States. Therefore, the complaint should be dismissed.

## II. Filing a Complaint in State Court Is Insufficient To Meet The Requirements of the Contracts Disputes Act

HiTech also fails to respond meaningfully to the Government's alternative argument that, assuming there was a contract between the United States and HiTech, the complaint should be dismissed because HiTech has not complied with the Contracts Disputes Act, 41 U.S.C. §§ 601-13 ("CDA"). Section 605 of the CDA requires that "all claims by a contractor against the government relating to a contract...be in writing and...be submitted to the contracting officer for a decision." 41 U.S.C.

§ 605(a). The statutory requirements of the CDA are jurisdictional prerequisite to maintaining a suit in the [United States Court of Federal Claims.]" Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1578-79 (Fed. Cir. 1994)(citation omitted).

The Federal Acquisition Regulations define a "claim" as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment of interpretation of contract terms, or other relief arising from or relating to the contract...." 48 C.F.R. § 33.201.

Neither of the documents Hitech puts forth in its response suffice as "claims" for purposes of the CDA. Exhibit 1 is a fax cover sheet addressed to Andy Melendez, a Senior Project Manager. Exhibit 2 is an offer in compromise submitted to the United States Attorney who handled the district court case. Neither of the documents are written demands for payment as of right. Therefore, even assuming that privity exists between HiTech and the United States, the complaint should be dismissed for lack of jurisdiction.

Finally, HiTech makes much of the procedural history of this case. Pl. Resp. at 3. However, the removal statute permits the United States to remove a state court case only to the district court. 28 U.S.C. § 1442(a)(1). Therefore, it could not have

removed the case directly to this Court. Further, this lack of jurisdiction cannot be cured by a transfer of this case to state court under 28 U.S.C. § 1631. Section 1631 only permits this Court to cure a lack of jurisdiction by transferring a plaintiff's action to another federal court in which the action could have been brought at the time it was filed, not to a state court. See, e.g., McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983) (section directed to federal court system); Kier Bros. Investments Inc. v. White, 943 F. Supp 1, 6 (D.D.C. 1996) (statute does not allow federal court to transfer action to state court). Therefore, if the Court finds there is no jurisdiction, the only appropriate action is dismissal.

CONCLUSION

We respectfully request that the Court dismiss the complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Mark A. Melnick
MARK A. MELNICK
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

OF COUNSEL:
CHRISTOPHER TROVATO
Office of Regional Counsel
New York, NY

Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-1011
Fax: 202-514-8624

March 25, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 25th day of March, 2005 a copy of "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Tara K. Hogan

___________________________