# In the United States Court of Federal Claims

No. 04-1610C
(Filed: August 30, 2005)

***********************************
*
**HITECH SECURITY CORPORATION**, *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
***********************************

---

**OPINION**

---

This matter is before the Court on Defendant's Motion to Dismiss for lack of jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). For the reasons discussed below, the Court GRANTS the motion.

## I. Background

### A. Factual Background

On July 3, 1997, the Department of Housing and Urban Development ("HUD") entered in to Contract No. C-HOU-00021 ("the HUD-Arco contract") with Arco Management Company ("Arco") to manage the Beekman Houses located in Bronx, NY. On February 1, 2000, Hitech Security Corporation ("Plaintiff") entered into contracts ("the Hitech Contracts") to provide security services at the Beekman Houses. (Plaintiff's Complaint ¶¶ 7, 10, at 2 [hereinafter "P. Comp."]) It is unclear whether Plaintiff contracted with HUD or Arco to provide the security services, because while the contracts listed "HUD" and "Dept. of HUD" as the subscribers, they were executed by Joseph Driscoll, an employee of Arco. (P. Comp., Ex. A, B.) The contracts were to be for a five year term, under which Hitech was to be paid $156,000 for monitoring the alarms and $54,000 for servicing the alarms. (P. Comp. ¶¶ 7, 10, at 2.) HUD sold Beekman Houses in February 2003, and the March 1, 2003 payment allegedly due under the Hitech

Contracts was not made to Hitech nor was payment made at any time thereafter. (P. Comp. ¶¶ 8, 11, at 2.)

B. Procedural History

Plaintiff commenced an action in New York Supreme Court,[1] Nassau County, against HUD and Arco for breach of contract on June 12, 2003. HUD removed the case to the United States District Court for the Eastern District of New York on August 11, 2003. On August 21, 2003, Plaintiff filed an amended complaint which added Joseph Driscoll as a co-defendant. HUD filed a motion to dismiss Plaintiff's claim for lack of jurisdiction, or in the alternative to transfer the case to this Court. In an order issued on August 12, 2004, the district court transferred the claims against HUD to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. Pursuant to the transfer order, Plaintiff filed an amended complaint in this Court on November 30, 2004, alleging that HUD breached its contract with Plaintiff. (Compl. ¶¶ 8, 11.) Plaintiff seeks $80,500 plus interest due under the contract, and $27,565 in legal fees. (Compl. ¶ 14.)

On February 11, 2005, defendant United States (hereinafter "Defendant") filed the pending Motion to Dismiss (hereinafter "D. Mot."), along with exhibits, seeking dismissal of Plaintiff's claims under RCFC 12(b)(1) for lack of jurisdiction. On March 11, 2005, Plaintiff filed an Opposition to Defendant's Motion to Dismiss (hereinafter "P. Resp."), in which it argued that it could not adequately address some of Defendant's arguments without the benefit of the HUD-Arco contract which Defendant had not yet provided. On March 25, 2005, Defendant filed a Reply Brief ("D. Rep.") in which it indicated that it was willing to furnish a copy of the HUD-Arco contract to Plaintiff, and further attached additional exhibits for the Court's consideration. After initially reviewing the filings, the Court agreed that Plaintiff could not adequately respond to some of the government's jurisdictional arguments without access to the entire HUD-Arco contract. As a result, on May 25, 2005, the Court ordered Defendant to provide a copy of the complete contract to both Plaintiff and to the Court on or before May 31, 2005. The Court further ordered Plaintiff to file a sur-reply on or before June 8, 2005, addressing the jurisdictional issues with the benefit of the entire contract. Defendant timely filed a copy of the HUD-Arco contract in this Court, and also provided Plaintiff with a copy. Inexplicably, Plaintiff chose not to file a sur-reply.

## II. Legal Standard

Defendant brings the instant motion under RCFC 12(b)(1), asking that the Court dismiss the case for lack of jurisdiction over the subject matter. Defendant does not seek dismissal for failing to state a claim under RCFC 12(b)(6). In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court must accept all of Plaintiff's well-pleaded allegations as true. *See*

---

[1] Unlike many states, the local trial courts in New York are referred to as the Supreme Courts. The highest court in the state is the Court of Appeals.

*Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998). In addition, all reasonable inferences must be drawn in Plaintiff's favor in deciding the motion. *Id.* However, the burden is on Plaintiff to establish that the Court has jurisdiction over the claims. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)); *see also Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

## III. Discussion

Defendant argues that the Court lacks subject matter jurisdiction over this case for two reasons. First, it argues that Plaintiff lacks the necessary privity with Defendant to bring its claim under the Tucker Act. Second, even if privity exists, Defendant argues that Plaintiff failed to comply with the jurisdictional requirements of the Contract Disputes Act ("CDA") because it filed suit without first obtaining a final decision on its claim from the contracting officer.

### A. Lack of Privity Is Not a Basis for Dismissal Under RCFC 12(b)(1)

The Federal Circuit has held that "[a] well-pleaded allegation in the complaint is sufficient to overcome challenges to jurisdiction." *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed Cir. 1997) *(citing Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992)). Although the government argues that jurisdiction is lacking because there is no privity between Plaintiff and the government, for the Court of Federal Claims to have jurisdiction, a valid contract need only be pleaded, not ultimately proven. *Total Medical Management, Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997) (*citing Spruill*, 978 F.2d at 686); *Gould, Inc. v. United States*, 67 F.3d 925, 929 (Fed. Cir. 1995).[2]

Plaintiff's complaint alleges that Defendant entered into two written contracts with Plaintiff through its agent Arco. Plaintiff's complaint further alleges that Defendant breached these contracts. These allegations satisfy the jurisdictional requirements of the Tucker Act because they allege the existence of contracts between Plaintiff and Defendant along with a breach of those contracts.[3]

---

[2] Although Defendant cites various cases in support of its argument that privity of contract is a jurisdictional requirement under the Tucker Act, it failed to cite any of the ample contrary authority that has been established in the Federal Circuit in recent years. Defendant would be well-advised to note the existence of adverse controlling authority such as *Spruill*, *Gould*, and *Total Medical Management* in future filings before the Court, even if it stands in conflict with other controlling authority.

[3] Defendant also argues that Mr. Driscoll (the Arco employee who signed the contracts) did not have authority to bind the government. This argument also goes to the merits of the

B. Plaintiff Did Not Submit a Claim to the Contracting Officer Prior to Bringing this Lawsuit

Unlike with the question of privity, the Federal Circuit has made clear that compliance with the procedural aspects of the CDA is a jurisdictional requirement that must be met prior to filing suit in the Court of Federal Claims. *See James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996). Under the CDA, jurisdiction in the Court of Federal Claims requires both a claim submitted to a contracting officer and a final decision, timely challenged. *Rex Sys., Inc. v. Cohen*, 224 F.3d 1367, 1371 (Fed. Cir. 2000). Dismissal of a complaint for lack of subject matter jurisdiction is without prejudice to re-filing the complaint once the defect is cured. *Wheeler v. United States*, 11 F.3d 156, 160 (Fed. Cir. 1993). If a contracting officer does not issue a final decision within the required time limit (generally 60 days), a denial of the claim may be presumed. 41 U.S.C. § 605(c)(5). Although the CDA requires a claim to be submitted in writing, no explicit definition of "claim" is provided in the CDA. *H.L. Smith Inc. v. Dalton*, 49 F.3d 1563, 1564-65 (Fed. Cir. 1995). The Federal Circuit, using the Federal Acquisition Regulations ("FAR") as guidance, has identified three requirements for a valid CDA claim: (1) a written demand to the contracting office; (2) seeking as a matter of right; (3) the payment of money in a sum certain. *Id.*, *see also D.L. Braughler Co. v. West*, 127 F.3d 1476, 1480 (Fed. Cir. 1997). One of the legislative purposes for requiring contractors to first submit claims to the contracting officer was to settle disputes at the administrative level, short of litigation. As explained by the Federal Circuit in *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (*en banc*), "[t]he act's provisions help to induce resolution of more contract disputes by negotiation prior to litigation . . .." *Id.* at 1581 (*quoting* S.Rep. No. 1118, 95th Cong., 2d Sess. 1 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5235, 5235.).

Defendant argues that the Court lacks subject matter jurisdiction over this case because Plaintiff failed to obtain a final decision from the contracting officer prior to filing suit. In response, Plaintiff offers two ways in which it purports to have satisfied the requirements of the CDA. First, it contends that the original complaint filed in state court in New York and served on HUD meets the requirements for a proper "claim" under the CDA. Second, Plaintiff asserts that before this case was transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631, Plaintiff "sent numerous written requests for payment to HUD and its representatives" and that those communications constitute a claim under the CDA.

1. The Original State Court Complaint Cannot be a "Written Claim" Under the CDA

Plaintiff wishes to rely on its state court complaint as a "claim" to the contracting officer. A "claim" under the CDA must include: (1) a written demand *to the contracting officer*; (2) seeking as a matter of right; (3) the payment of money in a sum certain. *H.L. Smith Inc.*, 49 F.3d

---

claim and should not be addressed in a motion brought under RCFC 12(b)(1).

at 1564-65. The problem with Plaintiff's position is that a state court complaint is not a written demand *to the contracting officer*, but rather it seeks a judgment from *the court* against HUD:

> WHEREFORE, plaintiff demands judgment against HUD on the first cause of action in the sum of $59,800.00; on the second cause of action . . . or such other amount as the court deems appropriate, together with costs and disbursements of this action.

(P. Comp. at 3.) Thus, the original state court complaint cannot be a valid claim under the CDA, and Plaintiff cannot rely on the complaint to satisfy the CDA's jurisdictional requirement that a claim be submitted to the contracting officer for a final decision prior to commencing suit.

Plaintiff's argument also fails for a second reason. The purpose for the final decision requirement is to ensure that the parties attempt to resolve contract disputes through negotiation prior to filing suit. *See Reflectone, Inc.*, 60 F.3d at 1581. Given the rationale behind requiring a final decision from the contracting officer, it would defy logic to allow a lawsuit to serve as the basis for a "claim" submitted to the contracting officer, when the very purpose for requiring the claim is to prevent unnecessary litigation.

2. Plaintiff's Other Submissions Do Not Satisfy the CDA

Plaintiff also relies on its "numerous requests for payment to HUD and its representatives" as a basis for invoking this Court's jurisdiction under the CDA and the Tucker Act. (P. Resp. at 5.) Plaintiff provides two documents which allegedly demonstrate that it submitted a claim to the contracting officer for a final decision prior to filing suit. The first document is a fax cover sheet dated June 10, 2003 ("the June correspondence"), from Plaintiff's law firm to "Ambrosio Melendez/Project Manager" at HUD. The June correspondence includes the following statement:

> As per our conversation, included herewith are the 2 contracts at issue in addition to correspondences and an Electronic Fund Payment Statement. Please note that the backs of the contracts may not transmit well. Any questions or comments please do not hesitate to call.

(P. Resp at 8.) The second document, dated October 31, 2003 ("the October letter"), is a letter from Plaintiff's attorney sent via facsimile to the U.S. Attorney's Office acting as "Attorney for defendant HUD" which reads in relevant part:

> As litigation can be costly and time consuming, in an effort to resolve this matter plaintiff is willing to accept forty-five thousand dollars ($45,000.00) in settlement of any and all claims arising from this matter.

(P. Resp. at 9.) The language in these documents is ambiguous, but even if it amounts to a "claim" presented to the contracting officer, the jurisdictional requisites of the CDA demand not only that a claim be presented to the contracting officer, but also that the contracting officer render a final decision before the aggrieved party may file suit. *See* 41 U.S.C. § 605(a), 609(a)(3). A claim may be deemed denied by the contractor if no response is given within sixty days. 41 U.S.C. § 605(c)(5). Although the case was transferred to this Court on or about August 12, 2004, under the relation-back doctrine, this litigation commenced on the day it was filed in *state* court–June 12, 2003. 28 U.S.C. § 1631; *see also Stockton East Water Dist. v. United States*, 62 Fed. Cl. 379, 392 (2004); *cf. Burnett v. New York Cent. R. Co.*, 380 U.S. 424 (1965). Because the October letter was sent after June 12, 2003, it cannot be relied upon to establish that a claim was submitted to the contracting officer prior to filing suit. The June correspondence was sent on June 10, 2003, two days prior to filing suit in state court. Plaintiff sets forth no evidence to demonstrate that the contracting officer rendered a decision before the Plaintiff filed suit in state court, and, although a claim may be deemed denied by the contractor if no response is given within sixty days, 41 U.S.C. § 605(c)(5), only two days passed between the facsimile communication and the lawsuit being filed by Plaintiff. Thus, even assuming that the June correspondence constitutes a claim for the purposes of the CDA, there is no indication in the record that the government denied the claim between June 10, 2003 (when the fax was sent) and June 12, 2003 (when the state court action was commenced).

## IV. Conclusion

Plaintiff's complaint does not meet the jurisdictional requirements of the Contract Disputes Act because Plaintiff failed to submit a claim to the contracting officer for a final decision prior to bringing this action. As the Court lacks jurisdiction over Plaintiff's claims, Defendant's Motion to Dismiss is hereby GRANTED. Should the plaintiff decide to refile this case following a valid final decision or deemed denial, the clerk shall assign that case to this judge.

s/ Edward J. Damich
Edward J. Damich
Chief Judge